**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MARCUS JARAL THOMPSON**                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 4:16CV00026-DMB-JMV**

**GENERAL MOTORS LLC AND THE
ESTATE OF KEVIN MONZON, DECEASED**                          **DEFENDANTS**

## ORDER

This matter is before the court on motion [17] of Defendant General Motors LLC ("GM") to conduct discovery related to its opposition to the motion to remand this case.[1] GM's asserted bases for removal of the case are that the non-diverse defendant, Estate of Monzon, has been improperly joined as a defendant because 1) the plaintiff has no real expectation of recovering any judgment he might obtain against the estate's assets as there are no assets and 2) the plaintiff's sole purpose in bringing suit against the non-diverse defendant is to defeat diversity jurisdiction and, otherwise, the plaintiff is without any purpose to prosecute the action in good faith against the non-diverse defendant.

The plaintiff contends that neither ground is a proper basis for removal, and, therefore, discovery about those grounds is improper. Alternatively, plaintiff contends that the discovery requested is overly broad and vague.

For the following reasons, the court finds that some limited remand related discovery is appropriate. However, in doing so the undersigned hastens to add that this ruling is not a

---

[1] For brevity's sake, the facts of the case have not been reiterated here but are available on the docket at, *inter alia*, documents [14] & [21].

comment on the propriety of the motion to remand the case currently pending before the district judge. Instead, some limited discovery is being permitted as it might reveal facts relevant to the asserted *factual basis* for remand, and generally, in this district, such limited discovery, consistent with the dictates of *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004)(en banc), is permitted if tightly tethered to the remand related facts underpinning a charge of improper joinder. *See Sheffield v. J.T. Thorpe & Sons, Inc*., 2014 U.S. Dist. LEXIS 114342 (N.D. Miss. Aug. 18, 2014)(allowing remand related discovery as to improper joinder arguments). This practice is consistent with L.U.Civ.R. 16(b)(1)(B) which provides in relevant part that the filing of a remand motion does not stay discovery relevant to remand issues:

> A motion to remand . . . will stay the attorney conference and disclosure requirements and all discovery *not relevant* to the remand . . . issue and will stay the parties' obligation to make disclosures pending the court's ruling on the motion[]. At the time the remand motion . . . is filed, the movant shall submit to the magistrate judge an order granting the stay but permitting discovery concerning only the remand . . . issue.

L.U.Civ.R. 16(b)(1)(B) (emphasis added).

Nevertheless, because the discovery sought by GM is not appropriately narrowly drawn, only a more abbreviated version of it will be permitted as follows:

**A. To The Estate of Monzon:**

INTERROGATORY NO. 1: Identify all assets of the Estate of Kevin Monzon.

INTERROGATORY NO. 2: Identify the name and address of the Insurance Company and the policy number of every insurance policy that may be available to pay a judgment against the Estate of Kevin Monzon for the claims of negligence asserted by Marcus J. Thompson in this lawsuit.

INTERROGATORY NO. 3: Have you made any formal or informal agreement with anyone,

including Marcus J. Thompson (or anyone on his behalf), which would limit your liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**B. To Thompson:**

INTERROGATORY: Have you made any formal or informal agreement with the Monzon Estate (or anyone on its behalf), which would limit the Estate's liability for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

The court will further permit a single interrogatory to each Thompson and the Estate concerning whether there are any agreements or understandings related to limiting the expenses occasioned in defending the Estate against the claims of Thompson.

**GM must propound its discovery no later than 4/18/16. Responses to GM's discovery are due by 5/2/16. GM's response to Plaintiff's motion to remand [14] is due 5/16/16.**

So ordered this the 14th day of April, 2016.

/s/ Jane M. Virden
U.S. Magistrate Judge